UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:13-cr-084 |
| | : | Judge Michael Barrett |
| vs. | : | |
| | : | **PROTECTIVE ORDER** |
| ABUBAKAR ATIQ DURRANI | : | **GOVERNING THE DISCLOSURE** |
| | : | **OF HEALTH INFORMATION** |

To expedite the flow of discovery material between the parties, facilitate the prompt resolution of disputes over confidentiality, adequately protect individually-identifiable health information entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is, pursuant to the court's authority under Fed. R. Crim. P. 16 and with the consent of the parties, ORDERED:

(1) **Production of Health Information By The United States That May Be Subject To The Privacy Act, 5 U.S.C. § 552a, to 45 C.F.R. §§ 164.102–164.534, or to 42 U.S.C. § 1306, or Other Privacy Protections.** The United States may produce certain individually identifiable health information (defined as health information that is connected to a patient's name, address, Social Security number or other identifying number, including HIC number) to the defendant, pursuant to defendant's discovery requests. Similarly, the defendant may produce certain individually identifiable health information (defined as health information that is connected to a patient's name, address, Social Security number or other identifying number, including HIC number) to the United States or other defendants, if applicable, pursuant to discovery requests. The information produced may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, to the provisions of 45 C.F.R. §§ 164.102–164.534, or to the provisions of

42 U.S.C. § 1306, or there may be no waiver by the patient to produce the records to any entity outside the United States. The parties shall produce these documents unredacted to each other as part of the discovery process. The producing party shall designate them as "confidential" in the manner set forth in paragraph 2, below. The receiving party, including counsel and their personnel, may use these documents only for purposes of the litigation, and may disclose them to non-parties to this litigation only as needed for the litigation, and only if the nonparty signs the form of acknowledgment attached to this Order. The parties shall not file these documents with or submit them to the Court or reproduce their contents in any court filing unless the document or filing is placed under seal or all information that would identify the subject of the document or filing has been removed. Within 90 days of the final conclusion of this litigation, defendant shall return the documents designated confidential and all copies, as well as all notes, memoranda, summaries, or other documents containing information from the designated confidential documents, to counsel for the producing party, or shall destroy them and certify in writing to counsel for the producing party that the documents have been destroyed.

(2) **Designation of Material Subject to this Protective Order.** To designate "confidential" material covered by this Protective Order, the producing party shall so designate, on the material itself, in an accompanying cover letter, on a diskette cover, by using the following designation: "CONFIDENTIAL HEALTH INFORMATION- SUBJECT TO PROTECTIVE ORDER."

(3) **Confidential Health Information in Open Court.** The procedures for use of designated confidential documents during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. The parties shall

consider redacting confidential documents to remove individual patient identifiers, request the court to submit such documents under seal, code the documents to substitute a numerical or other designation for the patient's name or other identifying information, request that any exhibit be placed under seal, introduce summary evidence where practicable which may be more easily redacted, and assure that all Social Security and HIC numbers associated with the names of individual patients have been removed. No party shall disclose designated confidential documents in open Court without prior consideration by the Court.

(4)     **Filing of documents.** The Clerk shall accept for filing under seal any documents or filings so marked by the parties pursuant to the above paragraphs.

(5)     **Modification Permitted.** Nothing in this Order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

(6)     **No Waiver.** The failure to designate any materials as provided in paragraph 2 shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

(7)     **No Ruling on Discoverability Nor Admissibility.** This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

(8)     **Disclosure to Agencies or Departments of the United States.** Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to disclose to any agency or department of the United States, or any division of any

such agency or department, designated confidential documents relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this Protective Order prevent or in any way limit or impair the use of any such designated confidential documents by an agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction; provided, however, that the agency shall maintain the confidentiality of the designated confidential documents consistent with the terms of this Protective Order.

(9) **Disclosures to Congress.** Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to provide designated confidential documents to a Congressional entity; provided, however, that the United States shall notify the Congressional entity requesting the documents that the designated confidential documents have been produced pursuant to this Protective Order and shall, if there are no objections interposed by the Congressional entity requesting the documents, use reasonable

efforts to notify the producing party or nonparty of the Congressional entity's request and the United States' response thereto.

**SO STIPULATED:**

DATED: 8/21/13

*Glenn Whitaker – by T.S.M per email authorization*
Glenn V. Whitaker, Esq.
Counsel for Defendant

DATED: 8/21/13

*Tim S. Mangan*
Tim S. Mangan, Esq.
Assistant United States Attorney
Counsel for United States of America

**SO ORDERED:**

*Michael R. Barrett*
Judge Michael Barrett
U.S. District Court Judge

5